## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

RONALD DEWAYNE CUMMINS,[1]   )
        )
       Petitioner,    )
        )
v.        )    Case No. CIV-09-347-M
        )
JUSTIN JONES,    )
        )
       Respondent.    )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Petitioner also filed an "Appendix" which includes documents from his state court proceedings. [Doc. No. 4]. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition [Doc. No.1] has been preliminarily reviewed, and for the following reasons, the undersigned finds the petition was not timely filed, and it is therefore recommended that the petition be dismissed. 28 U.S.C. § 2244(d).

### Background

Petitioner purports to challenge his conviction pursuant to his plea of guilty entered

---

[1]Petitioner's state court records, as well as his Department of Correction records, reflect that he was also known as Ronald Dewayne Richardson.

on January 13, 1987, to two counts of first degree murder,[2] for which he was sentenced to

two concurrent terms of life imprisonment with the possibility of parole in the District Court

of Pottawatomie County, Case No. CF-1986-334.   Petition, p. 2.[3]   Petitioner did not appeal

his conviction.   Petition, p. 3.   Petitioner filed an application for post-conviction relief in the

state district court on September 26, 2008, which was denied by the district court on

November 4, 2008.   Petition, p. 4.   On February 5, 2009, the Oklahoma Court of Criminal

Appeals ("OCCA") affirmed the denial of post-conviction relief.   Petition, p. 5; *see also*

Petition, attached OCCA Order Affirming Denial of Application for Post-Conviction Relief,

Case No. PC-2008-1141.

The instant petition, filed at the earliest on March 17, 2009,[4] raises the following four

grounds for relief:   (1) Petitioner was denied his Sixth Amendment right to effective

assistance of counsel; (2) the trial court failed to advise Petitioner of his right to appeal his

plea of guilty; (3) Petitioner's guilty plea was not knowingly or voluntarily made because his

attorney misadvised him regarding an eligibility date for parole; and (4) Petitioner was not

given fair notice of the charges against him nor an opportunity to defend against those

---

[2] Petitioner was charged with acting in concert with Derek Tibbs in committing the murders of Rhonda and Floyd Kinnamon.   *See* Petitioner's Appendix, Ex. 5 (*State v. Ronald Dewayne Cummins aka Ronald Richardson*, Felony Information dated September 22, 1986, Case No. CRF 86-335, Pottawatomie County District Court).

[3] The form petition begins on page two.

[4] The petition was file-stamped on March 31, 2009, but the petition is deemed "filed" when Petitioner gave it to prison officials for mailing.   *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007).   The undersigned has assumed a filing date of March 17, 2009, the date Petitioner signed the petition.   Petition, p. 15.

charges.  Petition, pp. 6, 7, 9, and 11.

**Analysis**

**I.      Screening Requirement**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions upon filing and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ."  The issue of timeliness may be raised *sua sponte* by the Court. *See Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006) (affirming court's *sua sponte* dismissal of habeas corpus petition as untimely under Rule 4 and noting that: "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").  *See also Kilgore v. Atty. General of Colo.*, 519 F.3d 1084 (10th Cir. 2008) (holding a court may dismiss a § 2254 habeas petition if its untimeliness is clear from the face of the petition).  Recognizing there are issues regarding the timeliness of his petition, Petitioner contends that he is entitled to a later triggering date under 28 U.S.C. § 2244(d)(1)(B) or (D).  *See* "Petitioner's Request for Oral Argument on the Issue of Timel[i]ness of his Habeas Application Supported by a Short Brief in Support Regarding 28 U.S.C. § 2244." [Doc. No. 8, hereinafter "Petitioner's Brief"].

**II.     The Applicable Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which took effect on April 24, 1996, amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

3

pursuant to the judgment of a State court," running from the latest of:

>A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by § 2244(d)(1)(A), unless the Petitioner alleges facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D).  *Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir. 2000).  In calculating the limitation period for actions under 28 U.S.C. § 2254, federal courts are required to toll the time a petitioner spent seeking "post-conviction or other collateral review with respect to the pertinent judgment or claim" in state court.  *See* 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998).

A.  Application of § 2244(d)(1)(A)

Under the provisions of § 2244(d)(1)(A) the instant habeas petition was filed after expiration of the one-year limitations period.  Petitioner entered his plea of guilty to two counts of first degree murder on January 13, 1987.  The publicly available docket, of which

4

the undersigned takes judicial notice, reflects that on January 16, 1987, he was sentenced to life imprisonment on each count to run concurrently. *See* Oklahoma District Court Records, District Court of Pottawatomie County, *State v. Ronald Dewayne Cummins*, Case No. CF-86-334, available at http://odcr.com  (accessed June 30, 2009).  Under Oklahoma law, in order to appeal from a conviction on a guilty plea, a defendant must file an application to withdraw his guilty plea within ten days after the pronouncement of a judgment and sentence. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals.  Petitioner did not appeal from his convictions, and as a result, his convictions became "final" for purposes of § 2244(d)(1)(A) on January 26, 1987. *See* OCCA Rule 4.2(A); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (holding petitioner's three convictions pursuant to an entry of guilty pleas were final ten days after entry of each judgment and sentence where petitioner failed to appeal each conviction, citing OCCA Rule 4.2).  Because Petitioner's convictions became final before the effective date of the AEDPA, the one year period for filing his federal habeas petition began to run on April 24, 1996. *Hoggro v. Boone*, 150 F.3d at 1225-26 (for prisoners who were sentenced prior to the April 24, 1996, effective date of AEDPA, there is an equitable "grace" period of one year from April 24, 1996, to file their habeas petitions). Therefore, Petitioner had until April 24, 1997, to file his federal habeas action. *Malone v. State*, Nos. 03-6246, 03-6175, 2004 WL 1249850, *1 (10th Cir. June 8, 2004) (unpublished)[5] (the one year limitation period should be calculated using anniversary

---

[5]This and any other unpublished decisions are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

date method, citing *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003)).  This action was not filed until March 17, 2009, over ten years after the expiration of the applicable one-year period.   In the absence of tolling, the petition is clearly untimely under § 2244(d)(1)(A).

B.  Application of Later Triggering Dates Under § 2244(d)(1)

Petitioner asserts that he is entitled to "equitable tolling" under 2244(d)(1)(B) or (D). Petition, p. 14.  To the extent Petitioner is arguing for a later onset of the limitations period, the undersigned finds that he has not shown that either of these later triggering dates apply.

Under § 2244(d)(1)(B), the one-year limitations period begins to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."   28 U.S.C. § 2244(d)(1)(B).  Petitioner alleges that  the State "fail[ed] to advise Mr. Cummins of his right to appeal" and therefore, " he was prevented from filing a timely appeal of his conviction through no fault of his own."  Petitioner's Brief, p. 8.  Petitioner asserts further that because the State's failure to advise Petitioner of his right to appeal "created an impediment to his filing of timely petition for habeas relief . . . [,]" his time to file this habeas action should be extended "until such time (sic) the State lifts its impediment . . . ."  *Id.*  Petitioner appears to claim that removal of this impediment requires this Court to hold "ORAL ARGUMENT & EVIDENTIARY HEARING on the merits of the factual allegations supported by the record in this case."  *Id.*  For the reason discussed hereafter, Petitioner's attempt to invoke a later triggering date based on this argument is

6

unavailing.

As noted by the OCCA in affirming the denial of Petitioner's post-conviction application, Petitioner's assertion that he was not advised of his right to appeal is contrary to the record presented by Petitioner.[6]  Petitioner has included in his appendix a certified copy of the Judgment and Sentence in Case No. CRF-86-334, dated and filed on January 16, 1987, which states, "the defendant is by the Court notified of his right of appeal, and, if an indigent person, to have the cost of case-made or transcript at expense of the State."  Petitioner's Appendix, Ex. 6.  Such Judgment and Sentence is attested to by a Deputy Court Clerk and reflects signatures of the district judge, the district attorney and defense counsel.  Although Petitioner asserts that the Judgment and Sentence was "written by the Court Clerk outside of Petitioner's presence[,]" Petition, p. 7, the undersigned finds that his unsupported statement is insufficient to raise a credible challenge to the court record, including the Judgment and Sentence and the court docket, which record reflects that Petitioner was advised of his right to appeal.

Petitioner alternatively seeks "any equitable tolling that may also be available under § 2244(d)(1)(D)," which provides that the one-year period may begin on "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due

---

[6]The OCCA specifically found that "Petitioner's Judgment and Sentence in Case No. CRF-1986-334, attached to his own pleadings, clearly states he was notified of his right to appeal." Petition, attached OCCA Order Affirming Denial of Application for Post-Conviction Relief, Case No. PC-2008-1141.  The OCCA therefore concluded that "Petitioner has not established that his failure to appeal was through no fault of his own."  *Id.*

diligence." 28 U.S.C. § 2244(d)(1)(D). In this context, Petitioner again asserts that he was "unaware" of his right to appeal until May 2008, when, with the help of an inmate legal assistant, he obtained the record in his criminal case, and "discovered that the Sentencing Court NEVER advised him of his right to appeal." Petitioner's Brief, p.9. This alternative theory also fails to extend the applicable limitation period.

As discussed, the court record reflects that Petitioner was advised of appeal right at the time of his sentencing in January, 1987. Moreover, the fact that Petitioner waited over ten years after the expiration of the one-year grace period to obtain the record in his case and "discover" a legal argument to support a collateral challenge to his guilty plea conviction fails to trigger the application of § 2244(d)(1)(D). *See Irons v. Estep*, No. 05-1412, 2006 WL 991106, * 2 (10th Cir. Apr. 17, 2006) (unpublished) (rejecting the petitioner's argument that the statute of limitations did not begin to run until he discovered his legal arguments because he had always understood the factual predicate surrounding his guilty plea). Accordingly, § 2244(d)(1)(D) does not apply so as to make the petition timely.

Therefore, because Petitioner is not entitled to a later starting point for the one-year limitation period, as discussed earlier, his petition was due on April 24, 1997, and the instant petition filed on March 17, 2009, is untimely under the one-year limitation period of § 2244(d)(1)(A), absent statutory or equitable tolling.

C. Statutory Tolling

Although a properly filed state post-conviction action tolls the § 2244(d)(1) limitation period, the tolling provisions of § 2244(d)(2) do not apply where the action for post-

conviction relief is not commenced within the one-year period of limitation. *See e.g., Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (finding petitioner's federal habeas petitions were not tolled for time spent in state post-conviction proceedings because his applications were not filed until after the end of the applicable one-year grace period); *Barnes v. Booher*, No. 00-7066, 2000 WL 1346234, *1 (10th Cir. Sept. 19, 2000) (unpublished) (because petitioner's state petition for post-conviction relief was not filed until §2244(d)'s limitation period had already expired, that petition did not serve to toll the limitation period under §2244(d)(2)). No statutory tolling applies to this case because Petitioner failed to file any post-conviction action in the state district court until September 26, 2008, over ten years after the expiration of the one-year grace period under § 2244(d)(1)(A). Thus, the tolling provision of § 2244(d)(2) is not implicated, and has no effect on the April 24, 1997, due date for Petitioner's habeas petition.

   D. Equitable Tolling

   The Tenth Circuit has held that the limitations period may be subject to equitable tolling, but only in rare and exceptional circumstances. *Burger v. Scott*, 317 F. 3d 1133, 1141 (10th Cir. 2003).[7] Equitable tolling may be appropriate, for instance, "when a prisoner is actually innocent" or "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues

---

[7]In *Lawrence v. Florida*, 549 U.S. 327, 336 (2007), the Supreme Court assumed *arguendo* that equitable tolling applies to time limits for filing federal habeas petitions by state prisoners. In doing so, the Court referred to the standards for equitable tolling articulated in *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005): a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from making a timely filing.

judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (quoting *Wallace v. Kato,* 549 U.S. 384, 396 (2007)). However, equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). *See also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (equitable tolling does not apply unless a petitioner shows both extraordinary circumstances preventing timeliness and diligent pursuit of his claim). The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. *Yang*, 525 F.3d at 928 ("'[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.'") (citation omitted); *see also Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

In support of equitable tolling Petitioner raises again his contention that the triggering event for the commencement of the limitations period should be governed by Sections 2244(d)(1)(B) or (D). Petitioner's Brief, pp. 8-9. However, for the reasons previously discussed, Petitioner has not shown a basis for a delayed starting date for the limitations period, nor has he shown "extraordinary circumstances" that prevented him from filing a timely habeas petition. Additionally, Petitioner offers no specific allegations to justify the delay of over ten years after the expiration of the one year grace period before filing his federal habeas petition. Thus, Petitioner has failed to demonstrate he has diligently pursued

his claims, and he should not receive the benefit of equitable tolling of the limitations period

based on his unsupported claim that he was not advised of his right to appeal.  *Gibson*, 232

F.3d at 808; *Marsh*, 223 F.3d at 1220.  *See also Burger*, 317 F.3d at 1141 ("[T]his Circuit has

generally declined to apply equitable tolling when it is facially clear from the timing of the

state and federal petitions that the petitioner did not diligently pursue his federal claims.").

Petitioner also suggests that he "can make a colorable showing of legal and possibly

factual innocence," given certain documents he has requested in state court, including a

"Polygraph and DNA test" that he alleges have previously been unavailable to him.

Petitioner's Brief, p. 10.  However, in order to claim actual innocence a petitioner must

present new, reliable evidence that typically consists of "exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence."  *Schlup v. Delo*, 513 U.S.

298, 324 (1995).  Once such evidence has been presented, petitioner must further show that

in light of the new evidence, "no reasonable juror would have found the defendant guilty."

*Id.* at 329.  Petitioner's conclusory statement that he may be able to show actual innocence

does not justify equitable tolling, especially in light of his plea of guilty in open court.[8]  *See*

---

[8]In entering his plea of guilty to two counts of first degree murder, Petitioner stated the
following as the factual basis:

> I went to Mr. Mrs. Kinnamon's house with Derek Tibbs to burglarize it, burglarize
> it only although I heard Derek Tibbs threaten to kill Mr. Kinnamon.  While I was
> there in the house Tibbs killed Mr. Kinnamon and raped and killed Mrs. Kinnamon.
> I heald Tibb's shotgun while he raped Mrs. Kinnamon and handed it back to him
> before he shot her.

Petitioner's Appendix, Ex. 7 (*State v. Ronald Dewayne Richardson*, Case No. CRF-86-334, Petition
to Enter a Plea of Guilty) (verbatim statement).

*Blackledge v. Allison*, 431 U.S. 63, 74 (solemn declaration of guilt carries a presumption of truthfulness); *see also Loving v. Mahaffey*, No. 01-7062, 2007 WL 2083743, *1 (10th Cir. July 23, 2007) (rejecting the petitioner's claim for equitable tolling based on actual innocence, "especially in light of his plea of guilty in open court") (citing *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996)).  Thus, the undersigned finds that Petitioner has made no showing of actual innocence.[9]  As a result, the argument for equitable tolling on this ground is baseless.  *See Bohon v. Oklahoma*, No. 07-5169, 2008 WL 904727, *2 (10th Cir. Apr. 3, 2008) (unpublished) (stating that "vague and conclusory" assertions of actual innocence were insufficient for equitable tolling), *cert. denied*, 129 S.Ct. 398 (2008).

Because Petitioner is not entitled to statutory or equitable tolling, the applicable limitation period for filing this habeas action expired on or about April 24, 1997, and his federal habeas petition filed on March 17, 2009, is untimely under 28 U.S.C. § 2244(d)(1)(A).

## RECOMMENDATION

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be summarily dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1).  In light of this recommendation, it is further recommended that the following motions filed by Petitioner be DENIED:  "Request for the

---

[9]The OCCA found that because Petitioner "acknowledge[d] that the [m]urders for which he was convicted occurred while he was committing the crime of First Degree Burglary[,] he could not show that his plea was made unadvisedly or through ignorance."  Petition, attached OCCA Order Affirming Denial of Application for Post-Conviction Relief, Case No. PC-2008-1141.

State to Certify the Record" [Doc. No. 5]; "Request to Expand the Record" [Doc. No. 6];
"Request for an Evidentiary Hearing" [Doc. No. 7]; and "Request for Oral Argument" [Doc.
No. 8].   Petitioner is advised of his right to file an objection to this Report and
Recommendation with the Clerk of this Court by September 21, 2009, in accordance with
28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to timely
object to this Report and Recommendation waives the right to appellate review of both
factual and legal issues contained herein.  *Moore v. United States*, 950 F. 2d 656 (10th Cir.
1991).

This Report and Recommendation disposes of all issues referred to the undersigned
Magistrate Judge in this matter.  The Clerk of the Court is directed to transmit a copy of this
Report and Recommendation through electronic mail to the Attorney General of the State of
Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag.

ENTERED this 31st day of August, 2009.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE